**ORDERED.**

**Dated:  February 11, 2025**

Jason A. Burgess
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flmb.uscourts.gov

In re:

AOG TRUCKING, INC.,

        Debtor.

Case No. 3:24-bk-02050-BAJ

Chapter 11
*SubChapter V*

**ORDER CONFIRMING THE FIRST AMENDED PLAN OF**
**REORGANIZATION FOR AOG TRUCKING, INC.**

This case came before the Court at the hearing held on January 29, 2025 at 9:30am, to consider confirmation (the "Confirmation Hearing") of the First Amended Chapter 11 Plan of Reorganization for AOG Trucking, Inc., dated January 10, 2025 (Doc. No. 91) (the "Plan").

Having heard the evidence proffered by counsel for the Debtor at the Confirmation Hearing, and based upon the evidence presented showing the Court that the Plan meets all applicable requirements for confirmation of a plan proposed under Chapter 11 of Title 11 of the United States Code as set forth in 11 U.S.C. §§ 1191(a) it is

        **ORDERED**

1.      The Plan is confirmed under 11 U.S.C. § 1190.  The Effective Date of the Plan shall be January 29, 2025. A copy of the Plan is attached hereto as **Exhibit A**.

2.      The Court finds that the plan was a **consensual plan** pursuant to the terms of 11 U.S.C. §1191(a). The Debtor shall be the disbursing agent for any payments made to priority, secured and unsecured creditors through the Plan. Pursuant to 11 U.S.C. §1191(a), immediately upon entry of this Order, the Debtor is granted a discharge under 11 U.S.C. § 1141(5).

3.      Secured creditors shall retain any lien on property in which the estate has an interest only to the extent of the value of such a creditor's interest and the estate's interest in such property as determined by the Confirmed Plan, this Confirmation Order, and as of the Effective Date of the Plan.  Payments to secured creditors in which the Debtor has retained the collateral securing the claim shall be in accordance with the Confirmed Plan and this Confirmation Order.

4.      With respect to Class 8 Secured Creditor, First Federal Bank, the earned insurance premium of $3,295.00 for the time period of September 22, 2024 through January 22, 2025 shall be added to the Chapter 11 Plan payment and increase the total Class 8 Claim to $32,626.93 payable at 6% interest over eighty four (84) months for a monthly payment $476.63.

5.      With respect to Paragraph 10.04 of the Plan titled "Default Provisions for BMO Bank Secured Classes 2-6," the final sentence is modified to include that "BMO may immediately enforce its lien encumbering the collateral including repossession of the collateral, without having to provide any notice directly to the Debtor or having to seek stay relief from the Bankruptcy Court."

6.      The Debtor shall pay all Subchapter V Trustee fees assessed pursuant to 11 U.S.C. §503(b) as stated below in the claims section. Any applications for compensation by any Trustee and/or professionals employed by the Debtor shall be filed within fourteen (14) days of

[13829-120/11355792/1]                    2

the date of this Order and may be filed on seven (7) days negative notice.

7. This Confirmation Order supersedes any orders for adequate protection previously entered in this case and the same shall be of no further force and effect. This Confirmation Order imposes an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust that receive payments pursuant to this Plan to credit payments in a manner required by the Plan in accordance with 11 U.S.C. § 524(i).

8. Any objection filed by a creditor that was not prosecuted at the Confirmation Hearing is deemed withdrawn and/or overruled by the entry of this Confirmation Order.

9. A schedule of payments to unsecured creditors Class 10 pursuant to the Confirmed Plan and this Confirmation Order is attached and incorporated into this Confirmation Order as **Exhibit B**.  Debtor has committed to pay its disposable monthly income to the Class 10 Creditors for 36 months from the Effective Date of the Plan.

10. Confirmation of the Plan revests the property of the estate in the Debtor(s).

11. The Debtor(s) will not be discharged from any debt excepted from discharge under Section 523 of the Code.

12. The Court shall conduct a Post Confirmation Status Conference on April 17, 2025 at 10:30am at Bryan Simpson United States Courthouse, in Courtroom 4A, 300 North Hogan Street, 4th Floor, Jacksonville, FL 32202.

###

Thomas C. Adam is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

[13829-120/11355792/1]                3

*EXHIBIT A*
*To Confirmation Order*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flmb.uscourts.gov

In re:

  AOG TRUCKING, INC.

                      Debtor.

Case No.: 3:24-bk-02050-BAJ

Chapter 11
*SubChapter V*

**FIRST AMENDED SUB-CHAPTER V PLAN OF REORGANIZATION**
**FOR AOG TRUCKING, LLC DATED JANUARY 10, 2025**

/s/ Thomas C. Adam
Thomas C. Adam, Esq.
Florida Bar No. 648711
ADAM LAW GROUP, P.A.
2258 Riverside Avenue
Jacksonville, FL 32204
(904) 329-7249 Phone
(904) 606-1245 Facsimile
tadam@adamlawgroup.com

*Counsel for Plan Proponent*

**Dated: January 10, 2025**

**SUB-CHAPTER V BACKGROUND**

**A.  Description and History of the Debtor's Business**

The Debtor is a Florida corporation engaged as industrial trucking and transportation business with offices in Suwannee County, Florida. The Debtor operates out of its primary office located at 11766 County Road 252, Mc Alpin, FL 32062. This property is owned by the Debtor's sole shareholder, Robert Cummins. The Debtor has no lease with respect to this property.

This Chapter 11 bankruptcy case has been filed for the purpose of restructuring its secured debt obligations as well as providing for payment of general unsecured creditors on a pro-rata basis on the effective date of the plan.

**B.  Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. The Debtor has a Liquidation Value of $0. *See, Liquidation Analysis attached hereto as Exhibit A*

**C.  Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $19,152.00 or $532.00/per month. *See, Plan Proponent projected financial information as Exhibit B*.

The final Plan payment is expected to be paid on December 1, 2027.

**ARTICLE I**
**SUMMARY**

This Plan of Reorganization (the "Plan") is filed in accordance with Subchapter V of the Small Business Chapter 11 provisions of the United States Bankruptcy Code (the "Bankruptcy Code") by AOG Trucking, Inc.  (the "Debtor"), and proposes to restructure its business loans as discussed below and provide for payment to unsecured creditors of all disposable income during months 1-36 from future income of the Debtor derived from income generated through its industrial trucking and freight business, in order to obtain a discharge pursuant to 11 U.S.C. 1192. The Debtor is the proponent of the Plan within the meaning of Section 1129 of the Bankruptcy Code.

2

This Plan provides for one (1) class of priority claims; nine (9) classes of secured claims; and one (1) class of general unsecured claims. Class ten (10) unsecured creditors holding allowed claims will receive distribution under this Plan based on their pro rata share via monthly payments of the Debtor's disposable monthly income for 36 months beginning on the Effective Date of this Plan. This Plan also provides for the payment of administrative and priority claims either upon the effective date of the Plan, as agreed or as allowed under the Bankruptcy Code. All creditors should refer to Articles II through X of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one).**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTEREST

**2.01** **Class 1.** All allowed claims entitled to priority under Section 507 of the Bankruptcy Code (except administrative expense claims under Sections 507(a)(2)), and priority tax claims under Section 507(a)(8)).

**2.02** **Class 2.** The secured claim of BMO Bank, N.A., secured by personal property of the Debtor described as the 2019 Reitnouer Aluminum Drop Deck Flatbed (VIN 1RND53A20KR049022) to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

**2.03** **Class 3.** The secured claim of BMO Bank, N.A., secured by personal property of the Debtor described as the 2020 Kenworth T880 (VIN 1XKZD49X4LJ343111) and 2020 Ari Custom Sleeper (Serial No. 1940) to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

**2.04** **Class 4.** The secured claim of BMO Bank, N.A., secured by personal property of the Debtor described as the 2023 Kenworth T880 (VIN 1XKZD49X1PJ122264) and 2022 Ari 180" Sleeper (Serial No. 07212136) to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

**2.05** **Class 5.** The secured claim of BMO Bank, N.A., secured by personal property of the Debtor described as the 2023 Reitnouer Dropmiser (VIN 1RND53A22PR058926) and 2023 Verduyn Eagle Custom Tarp System (Serial No. 8866) to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

**2.06**   **Class 6.**      The secured claim of BMO Bank, N.A., secured by personal property of the Debtor described as the 2023 Kaufman Flip Axle (VIN 1K9FR0515PB367211) and 2023 Kaufman 40 Ton Lowboy (VIN 1K9FR3629PB367172) to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

**2.07**   **Class 7.**      The secured claim of Wells Fargo Equipment Finance, Inc., secured by personal property of the Debtor described as the 2023 Kenworth T880 (VIN 1XKZD49X3PJ122265) to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

**2.08**   **Class 8.**      The secured claim of First Federal Bank, secured by personal property of the Debtor described as the 2023 Reitnouer Trailer SE (VIN 1RND48A21MR055561) to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

**2.09**   **Class 9.**      The secured claim of U.S. Small Business Administration. secured by personal property of the Debtor described as a blanket lien on all tangible and intangible property of the Debtor to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

**2.10**   **Class 10.**     All unsecured claims allowed under Section 502 of the Bankruptcy Code including any deficiency claims that may arise as a result of treatment of Classes 2-9 creditors.

**2.11**   **Class 11.**     The secured claim of ITC Acceptance Co secured by personal property of the Debtor described as the 2020 Kenworth W900L (VIN 1XKWD49X4LJ380176) to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

**ARTICLE III**
**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS**
**U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS**

3.01   Unclassified Claims.  Under Section 1123(a)(1), administrative expense claims and priority tax claims are not considered as a "class" under the Bankruptcy Code.

3.02   Administrative Expense Claims.  Each holder of an administrative expense claim allowed under Section 503 of the Bankruptcy Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

4

3.03   <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid in regular monthly installments the total value of such claim as of the Petition Date, equal to the allowed amount of such claim over a period ending five years from the effective date of the Petition Date.

3.04   <u>Sub-Chapter V Trustee Fees</u>.  All fees and expenses required to be paid on or before the effective date of this Plan will be paid on the effective date per paragraph 3.02 above.

**ARTICLE IV**
**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

4.01   Claims and interest shall be treated as follows under this Plan:

| CLASS | IMPAIRMENT | TREATMENT |
|---|---|---|
| Class 1 – Priority Claim | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a non-final appealable order, except tax claims that will be paid over sixty (60) months from the Petition Date at the statutory interest rate. |
| Class 2 - Secured Claim of BMO Bank, N.A.  Account Number ****9364 | Impaired | Class 2 is impaired by this Plan.  Class 2 is secured by personal property of the Debtor described as the 2019 Reitnouer Aluminum Drop Deck Flatbed (VIN 1RND53A20KR049022) to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.  The Plan values  the Class 2 collateral at  $24,482.22. The holder of the Class 2 claim shall retain its lien on the above property and will receive cash payments equal to $24,482.22 payable at 9.5 % over sixty six |

5

| | | |
|---|---|---|
| | | (66) monthly payments of $477.69/month. |
| Class 3 - Secured Claim of BMO Bank, NA<br><br>Account Number ****9364 | Impaired | Class 3 is impaired by this Plan.<br><br>Class 3 is secured by personal property of the Debtor described as the 2020 Kenworth T880 (VIN 1XKZD49X4LJ343111) and 2020 Ari Custom Sleeper (Serial No. 1940) to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.<br><br>The Plan values the Class 3 collateral at $198,000. The holder of the Class 3 claim shall retain its lien on the above property and will receive cash payments equal to $198,000 payable at 9.5% over sixty six (66) monthly payments of $3,863.29/month. |
| Class 4 - Secured Claim of BMO Bank, NA<br><br>Account Number ****9364 | Impaired | Class 4 is impaired by this Plan.<br><br>Class 4 is secured by personal property of the Debtor described as the 2023 Kenworth T880 (VIN 1XKZD49X1PJ122264) and 2022 Ari 180" Sleeper (Serial No. 07212136)to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.<br><br>The Plan values the Class 4 collateral at $215,000. The holder of the Class 4 claim shall retain its lien on the above property and will receive cash payments equal to $215,000 payable at 9.5% over sixty six (66) monthly payments of $4,194.98/month. |

| | | |
|---|---|---|
| | | |
| Class 5 - Secured Claim of BMO Bank, NA<br><br>Account Number ****9364 | Impaired | Class 5 is impaired by this Plan.<br><br>Class 5 is secured by personal property of the Debtor described as the 2023 Reitnouer Dropmiser (VIN 1RND53A22PR058926) and 2023 Verduyn Eagle Custom Tarp System (Serial No. 8866)to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.<br><br>The Plan values the Class 5 collateral at $61,900. The holder of the Class 5 claim shall retain its lien on the above property and will receive cash payments equal to $61,900 payable at 9.5% over sixty six (66) monthly payments of $1,207.77/month. |
| Class 6 - Secured Claim of BMO Bank, NA<br><br>Account Number ****9364 | Impaired | Class 6 is impaired by this Plan.<br><br>Class 6 is secured by personal property of the Debtor described as the 2023 Kaufman Flip Axle (VIN 1K9FR0515PB367211) and 2023 Kaufman 40 Ton Lowboy (VIN 1K9FR3629PB367172) to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code |

7

| | | |
|---|---|---|
| | | The Plan proposed to surrender the Class 6 Collateral to the Class 6 Creditor in full and final satisfaction of the Class 6 Claim<br><br>The Class 6 Creditor may amend its claim once the Class 6 Collateral is sold and any deficiency claim will be included in the Class 10 - General Unsecured Creditor distributions. |
| Class 7 - Secured Claim of Wells Fargo Auto Finance<br><br>Account Number ****7937 | Impaired | Class 7 is impaired by this Plan.<br><br>Class 7 is secured by personal property of the Debtor described as the 2023 Kenworth T880 (VIN 1XKZD49X3PJ122265) to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.<br><br>The Plan proposed to value the Class 7 claim at $250,000. The holder of the Class 7 claim shall retain its lien on the above property and will receive cash payments equal to $250,000 payable at 6% over twenty four (84) monthly payments of $3,652.14month. |
| Class 8 - Secured Claim of First Federal Bank<br><br>Account Number ****0599 | Impaired | Class 8 is impaired by this Plan.<br><br>Class 8 is secured by personal property of the Debtor described as the 2021 Reitnouer Trailer SE (VIN 1RND48A21MR055561) to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.<br><br>The Plan proposed to pay the Class 8 claim in full at $29,331.93. The holder of the Class 8 claim shall retain its lien |

| | | |
|---|---|---|
| | | on the above property and will receive cash payments equal to $29,331.93 payable at 6% over eighty four (84) monthly payments of $428.50/month. |
| Class 9 - Secured Claim of US Small Business Administration<br><br>Account Number ****9101 | | Class 9 is impaired by this Plan.<br><br>Class 9 is secured by personal property of the Debtor described as a blanket lien on tangible and intangible property of the Debtor to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.<br><br>The Plan proposes to value the Class 9 claim at $50,000. The holder of the Class 9 claim shall retain its lien on the above property and will receive cash payments equal to $50,000 payable at 6% over one hundred eighty six (186) monthly payments of $386.84 /month. |
| Class 10 – General Unsecured Creditors | Impaired | Class 10 is impaired by this Plan.<br><br>To the extent that unsecured claims are filed and allowed, the Debtor shall pay the total amount of $19,152.00 to unsecured claims at the rate of $532.00/month during months 1-36 of the plan. Each allowed unsecured claim will received its pro-rata share of this payment for approximately 6.2% repayment of all unsecured claims. |

9

| Class 11 - Secured Claim of ITC Acceptance Co.<br><br>Account Number ****0176 | Impaired | Class 11 is impaired by this Plan.<br><br>Class 11 is secured by personal property of the Debtor described as the 2020 Kenworth W900L (VIN1XKWD49X4LJ380176) to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code<br><br>The Plan proposed to surrender the Class 11 Collateral to the Class 11 Creditor in full and final satisfaction of the Class 11 Claim. |
|---|---|---|

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.    A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: i) a proof of claim has been filed or deemed filed, and the Debtor or another party has filed an objection; or ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent or un-liquidated.

5.02    Delay of Distribution on a Disputed Claim.    No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.    The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtors assume the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

10

*None*

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01 of this Plan or before the date of the order confirming this Plan. **A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.**

## ARTICLE VII
## MEANS FOR IMPLEMENTAION OF THIS PLAN

7.01    Property of the Estate; Release of Liens. Except as otherwise expressly provided in the Plan or in the order confirming the Plan, (i) The Debtor will retain all property of the estate and confirmation of the Plan vests all property of the estate in the Debtor, and (ii) after confirmation of the Plan, the property dealt with by the Plan shall be free and clear of any and all liens, claims, and interests of any creditors.

7.02    Duty to Correctly Credit Payments/Debtors Payments Considered Made Under the Plan. Confirmation of this Plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust to recalibrate any accounting system designed to account for distributions made under this Plan to the value of each claim as provided under this Plan and to apply the direct post-petition monthly payments paid on account of the Debtor to the month in which each payment was paid, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account. All payments made to any creditors on account of the Debtor after confirmation of this Plan shall be considered made under this Plan regardless of whether this case is substantially consummated, a final decree is entered, and closed.

7.03    Business Operations and Cash Flow. The Plan contemplates that the Debtor will continue to manage and operate its business with low operating expenses. The Debtor believes the cash flow generated from operations will be sufficient to make all Plan Payments and maintain existing operations, as established by the Projections.

7.04    Funds Generated During Chapter 11. Funds generated from operations through the Effective Date will be used for Plan Payments; however, the Debtor's cash on hand as of Confirmation will be available for payment of Administrative Expenses.

7.05    Management and Control of Reorganized Debtor. The operations of the Reorganized Debtor shall continue to be overseen by the Debtor's current Shareholder, Robert Cummins, and CEO, Brian Butler. The powers and compensation of the CEO and Shareholders of the Reorganized Debtor shall be substantially the same as the Member's powers as of the Petition Date.

11

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan and as are generally understood.

8.02    Effective Date.  The Debtor will continue to operate as Debtor-in-possession during the period from the date the order confirming this Plan is entered (the "Confirmation Date") through and until the effective date, which will be fourteen (14) days after the Confirmation Date (the "Effective Date").

8.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    Corporate Governance. As required by § 1123(a)(6) of the Code, Brian Butler shall remain as CEO and Manager of the Debtor after confirmation of this Plan. Robert Cummins shall remain as a 100% Shareholder. The Debtor shall not issue any further non-voting equity securities.

## ARTICLE IX
## DISCHARGE

**9.01.    Discharge. If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:**
**(i) imposed by this Plan; or**
**(ii) to the extent provided in § 1141(d)(6).**

**If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:**

12

**(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or**
**(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.**

## ARTICLE X
## OTHER PROVISIONS

10.01   <u>Payments & Disbursing Agent</u>.  Payments to the various Classes under this Plan shall commence twenty (20) days after the Effective Date of the Plan unless otherwise specifically stated in the Confirmation Order. The Debtor intends to be the disbursing agent for all payments made pursuant to the Plan.

10.02   <u>Payments for Property Taxes and Property Insurance</u>.  Unless otherwise provided for by this Plan or any order confirming this Plan, the Plan Proponents shall pay all property taxes and property insurance directly to the relevant taxing authorities and insurance providers.  Any and all agreements for the establishment of escrow accounts are deemed rejected by this Plan, unless specifically assumed.  Confirmation of this Plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust (hereinafter referred collectively as the "Secured Classes" and individually as the "Secured Class") to cancel any and all escrow accounts that are deemed rejected by this Plan.  The Secured Classes must assert and claim repayment for any escrow advances paid on account of property taxes or property insurance prior to the entry of any order confirming this Plan, or payment by the Plan Proponents for any escrow advances shall be deemed waived.

10.03   <u>Default Provisions for Classes 1, 7, 8, 9 and 11</u>.  The due date of any deferred cash payment required under the Plan as to the Secured Classes 1, 7, 8, 9, and 11 shall be the first (1st) day of each month beginning on the month immediately following the effective date of the Plan (the "Payment Due Date").  There shall be a fifteen (15) day grace period for any deferred cash payment required by the Plan without penalty, fee or other charge (the "Grace Period").  Collectively, the Payment Due Date and the Grace Period are referred to herein as the Permissible Payment Period.  In the event that any deferred cash payment required by the Plan is not made within the Permissible Payment Period, the Debtor shall be in default under this Plan as to the relevant secured claim ("Default").  Prior to enforcing the lien encumbering the collateral, the holder of the secured claim shall give written notice directly to the Debtor.

The notice shall specify: (a) the Default; (b) the action required to cure the Default; (c) a date, not less than 30 days from the date the notice is given to the Debtor, by which the Default must be cured; and (d) that failure to cure the Default on or before the date specified in the notice may result in foreclosure of the lien encumbering the collateral.

If the Default is not cured on or before the date specified in the notice, the holder of the secured claim may, at its option, require immediate payment in full of all sums secured by the collateral, as determined by any order confirming the Plan, without further demand and may

13

foreclose upon its lien by judicial proceeding.

10.04   Default Provisions for BMO Bank Secured Classes 2-6. The due date of any deferred cash payment required under the Plan as to the Secured Classes of BMO Bank, Classes 2 - 6 shall be the first (1st) day of each month beginning on the month immediately following the effective date of the Plan (the "Payment Due Date").  There shall be a fifteen (15) day grace period for any deferred cash payment required by the Plan without penalty, fee or other charge (the "Grace Period"). In the event that any deferred cash payment required by the Plan is not made to BMO Bank within the Grace Period, the Debtor shall be in default under this Plan as to the relevant secured claim and BMO may immediately enforce its lien encumbering the collateral, without having to provide any notice directly to the Debtor.

10.05   Partial Pre-Payment Provisions.  The Debtor shall be entitled to pay any portion (or all) of the principal outstanding with regard to the secured claims, as determined by the Confirmed Plan, at any time without penalty.  Pre-payment of any principal as to the secured claims shall not affect the payment due on any given Due Date or the payment schedule, except that any principal pre-paid shall be deducted from the last principal portion of the payment due under the payment schedule, with the interest portion deemed satisfied (the "Partial Pre-Payment").  In the event that the collateral is sold or the balance outstanding on any given date is paid by refinance or otherwise, the principal outstanding to be satisfied as to the secured claim shall include the amount outstanding as to the secured claim as valued by this Plan after application of all payments made pursuant to the Plan.

Respectfully submitted on January 10, 2025

/s/ Thomas C. Adam
Thomas C. Adam, Esq.
Florida Bar No. 648711
ADAM LAW GROUP, P.A.
2258 Riverside Avenue
Jacksonville, FL 32204
(904) 329-7249 telephone
(904) 606-1245 facsimile
tadam@adamlawgroup.com

*Counsel to Plan Proponent*

14

# Exhibit
# A

14

**In re: AOG Trucking, Inc.**
**3:24-bk-02050-BAJ**

| | Address/Description | Auction Value | Lien Amount Applied t | Lienholder | Exemptions | Value to Liquidation | |
|---|---|---|---|---|---|---|---|
| **Real Estate** | | | | | | | |
| | n/a | | | | $0.00 | $0.00 | |
| **Vehicles & Machinery** | | | | | | | |
| | 2023 Kenworth T880 VIN #122264 | $215,000.00 | $215,000.00 | BMO Bank | $0.00 | $0.00 | |
| | 2020 Kenworth T880 VIN # 343111 | $198,000.00 | $198,000.00 | BMO Bank | $0.00 | $0.00 | |
| | 2023 Reitnouer Trailer VIN # 058926 | $61,900.00 | $61,900.00 | BMO Bank | $0.00 | $0.00 | |
| | 2019 Reitnouer Trailer VIN# 49022 | $40,000.00 | $24,482.22 | BMO Bank | $0.00 | | |
| | | | $15,571.78 | SBA | | $0.00 | |
| | 2023 Kaufman RGN Trailer VIN # 367172 | $59,000.00 | $59,000.00 | BMO Bank | $0.00 | $0.00 | |
| | 2023 Kenworth T880 VIN # 12265 | $250,000.00 | $250,000.00 | Wells Fargo | $0.00 | $0.00 | |
| | 2023 Reitnouer Trailer | $40,000.00 | $29,331.93 | First Federal Bank | $0.00 | | |
| | | | $10,668.07 | SBA | $0.00 | $0.00 | |
| | | | | | | | |
| **Cash/Checking** | | | | | | | |
| | First Federal Bank #8297 | $5,983.68 | $5,983.68 | SBA | $0.00 | $0.00 | |
| | First Federal Bank #6487 | $20.00 | $20.00 | SBA | $0.00 | $20.00 | |
| **Other Assets** | | | | | | | |
| | Accounts Receivable | $41,335.60 | $41,335.00 | SBA | $0.00 | $0.00 | |
| | | | | | | - | |
| | | | | | | - | |
| | | | | | Asset Value | $0.00 | |
| **Secured Party** | **Total Secured Value** | | | | Attorneys' Collection Fees | $0.00 | |
| US Small Business Admin | $73,478.53 | | | | Trustee Fees | $0.00 | |
| First Federal Bank | $29,331.93 | | | | Uncollectible Receivables | $0.00 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| BMO Bank, NA | $573,900.00 | | | **Liquidation Value** | $0.00 | |
| Wells Fargo Bank, NA | $250,000.00 | | | | | |
| | | | | | | |

# Exhibit
# B

**In re: AOG Trucking, Inc.**
**3:24-bk-02050-BAJ**
  <ins>**PLAN 3 YEAR CASH FLOW PROJECTIONS**</ins>

| **2024** | **November** | **December** |
|---|---|---|
| <ins>**REVENUE**</ins> | | |
| **Gross Revenue** | **$114,000.00** | **$114,000.00** |
| | | |
| <ins>**EXPENSES**</ins> | | |
| *Contractors / Drivers* | $30,250.00 | $30,250.00 |
| *Rent/Mortgage* | $0.00 | $0.00 |
| *Utilities* | $1,000.00 | $1,000.00 |
| *Business Supplies* | $350.00 | $350.00 |
| *Insurance* | $4,641.00 | $4,641.00 |
| *Payroll Wages, Benefits & T* | $27,000.00 | $27,000.00 |
| *Tolls / Scales (PrePass)* | $1,000.00 | $1,000.00 |
| *Gas/Fuel* | $30,600.00 | $30,600.00 |
| *SubChapterV Trustee Fees* | $1,000.00 | $0.00 |
| *Repairs & Maintenance* | <ins>$4,000.00</ins> | <ins>$4,000.00</ins> |
| **Total Operating Expenses** | $99,841.00 | $98,841.00 |
| | | |
| <ins>**PLAN PAYMENTS**</ins> | | |
| *Class 1 Priority - IRS* | $406.27 | $406.27 |
| *Class 2 BMO Bank* | $477.69 | $477.69 |
| *Class 3 BMO Bank* | $3,863.29 | $3,863.29 |
| Class 4 BMO Bank | $4,194.98 | $4,194.98 |
| Class 5 BMO Bank | $1,207.77 | $1,207.77 |
| Class 7 Wells Fargo AF | $3,652.14 | $3,652.14 |
| Class 8 First Federal | $428.50 | $428.50 |
| Class 9 SBA | <ins>$386.84</ins> | <ins>$386.84</ins> |
| | | |
| **Total Plan Payments** | <ins>**$14,617.48**</ins> | <ins>**$14,617.48**</ins> |
| | | |
| **NET CASH FLOW** | **-$458.48** | **$541.52** |

| **2025** | **January** | **February** | **March** | **April** | **May** | **June** | **July** | **August** | **September** | **October** | **November** | **December** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| <ins>**REVENUE**</ins> | | | | | | | | | | | | |
| **Gross Revenue** | **$118,000.00** | **$118,000.00** | **$118,000.00** | **$118,000.00** | **$118,000.00** | **$118,000.00** | **$118,000.00** | **$118,000.00** | **$118,000.00** | **$118,000.00** | **$118,000.0** | **$118,000.0** |
| | | | | | | | | | | | | |
| <ins>**EXPENSES**</ins> | | | | | | | | | | | | |
| *Contractors / Drivers* | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 |
| *Rent/Mortgage* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| *Utilities* | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 | $1,100.00 |
| *Business Supplies* | $350.00 | $350.00 | $350.00 | $350.00 | $350.00 | $350.00 | $350.00 | $350.00 | $350.00 | $350.00 | $350.00 | $350.00 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *Insurance* | $4,700.00 | $4,700.00 | $4,700.00 | $4,700.00 | $4,700.00 | $4,700.00 | $4,700.00 | $4,700.00 | $4,700.00 | $4,700.00 | $4,700.00 | $4,700.00 |
| *Payroll Wages, Benefits & T* | $28,000.00 | $28,000.00 | $28,000.00 | $28,000.00 | $28,000.00 | $28,000.00 | $28,000.00 | $28,000.00 | $28,000.00 | $28,000.00 | $28,000.00 | $28,000.00 |
| *Tolls / Scales (PrePass)* | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| *Gas/Fuel* | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 |
| *SubChapterV Trustee Fees* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| *Repairs & Maintenance* | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 |
| **Total Operating Expenses** | $102,850.00 | $102,850.00 | $102,850.00 | $102,850.00 | $102,850.00 | $102,850.00 | $102,850.00 | $102,850.00 | $102,850.00 | $102,850.00 | $102,850.0 | $102,850.0 |
| | | | | | | | | | | | | |
| **PLAN PAYMENTS** | | | | | | | | | | | | |
| *Class 1 Priority - IRS* | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 |
| *Class 2 BMO Bank* | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 |
| *Class 3 BMO Bank* | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 |
| Class 4 BMO Bank | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 |
| Class 5 BMO Bank | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 |
| Class 7 Wells Fargo AF | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 |
| Class 8 First Federal | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 |
| $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 |
| | | | | | | | | | | | | |
| **Total Plan Payments** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** |
| | | | | | | | | | | | | |
| **NET CASH FLOW** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** |

| **2026** | January | February | March | April | May | June | July | August | September | October | November | December |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |
| **REVENUE** | | | | | | | | | | | | |
| **Gross Revenue** | **$120,000.00** | **$120,000.00** | **$120,000.00** | **$120,000.00** | **$120,000.00** | **$120,000.00** | **$120,000.00** | **$120,000.00** | **$120,000.00** | **$120,000.00** | **$120,000.0** | **$120,000.0** |
| | | | | | | | | | | | | |
| **EXPENSES** | | | | | | | | | | | | |
| *Contractors / Drivers* | $32,500.00 | $32,500.00 | $32,500.00 | $32,500.00 | $32,500.00 | $32,500.00 | $32,500.00 | $32,500.00 | $32,500.00 | $32,500.00 | $32,500.00 | $32,500.00 |
| *Rent/Mortgage* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| *Utilities* | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 |
| *Business Supplies* | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 |
| *Insurance* | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 |
| *Payroll Wages, Benefits & T* | $29,000.00 | $29,000.00 | $29,000.00 | $29,000.00 | $29,000.00 | $29,000.00 | $29,000.00 | $29,000.00 | $29,000.00 | $29,000.00 | $29,000.00 | $29,000.00 |
| *Tolls / Scales (PrePass)* | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| *Gas/Fuel* | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 | $31,500.00 |
| *SubChapterV Trustee Fees* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| *Repairs & Maintenance* | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 |
| **Total Operating Expenses** | $104,850.00 | $104,850.00 | $104,850.00 | $104,850.00 | $104,850.00 | $104,850.00 | $104,850.00 | $104,850.00 | $104,850.00 | $104,850.00 | $104,850.0 | $104,850.0 |
| | | | | | | | | | | | | |
| **PLAN PAYMENTS** | | | | | | | | | | | | |
| *Class 1 Priority - IRS* | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 |
| *Class 2 BMO Bank* | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 |
| *Class 3 BMO Bank* | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 |
| Class 4 BMO Bank | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 |
| Class 5 BMO Bank | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 |
| Class 7 Wells Fargo AF | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Class 8 First Federal | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 |
| Class 9 SBA | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 |
| | | | | | | | | | | | | |
| **Total Plan Payments** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** |
| | | | | | | | | | | | | |
| **NET CASH FLOW** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** |

| 2027 | January | February | March | April | May | June | July | August | September | October |
|---|---|---|---|---|---|---|---|---|---|---|
| **REVENUE** | | | | | | | | | | |
| **Gross Revenue** | **$124,000.00** | **$124,000.00** | **$124,000.00** | **$124,000.00** | **$124,000.00** | **$124,000.00** | **$124,000.00** | **$124,000.00** | **$124,000.00** | **$124,000.00** |
| | | | | | | | | | | |
| **EXPENSES** | | | | | | | | | | |
| *Contractors / Drivers* | $35,000.00 | $35,000.00 | $35,000.00 | $35,000.00 | $35,000.00 | $35,000.00 | $35,000.00 | $35,000.00 | $35,000.00 | $35,000.00 |
| *Rent/Mortgage* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| *Utilities* | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 |
| *Business Supplies* | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 | $450.00 |
| *Insurance* | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 | $4,900.00 |
| *Payroll Wages, Benefits & T* | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 |
| *Tolls / Scales (PrePass)* | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| *Gas/Fuel* | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 | $32,000.00 |
| *SubChapterV Trustee Fees* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| *Repairs & Maintenance* | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 |
| **Total Operating Expenses** | $108,850.00 | $108,850.00 | $108,850.00 | $108,850.00 | $108,850.00 | $108,850.00 | $108,850.00 | $108,850.00 | $108,850.00 | $108,850.00 |
| | | | | | | | | | | |
| **PLAN PAYMENTS** | | | | | | | | | | |
| *Class 1 Priority - IRS* | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 | $406.27 |
| *Class 2 BMO Bank* | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 | $477.69 |
| *Class 3 BMO Bank* | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 | $3,863.29 |
| Class 4 BMO Bank | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 | $4,194.98 |
| Class 5 BMO Bank | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 | $1,207.77 |
| Class 7 Wells Fargo AF | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 | $3,652.14 |
| Class 8 First Federal | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 | $428.50 |
| Class 9 SBA | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 | $386.84 |
| | | | | | | | | | | |
| **Total Plan Payments** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** | **$14,617.48** |
| | | | | | | | | | | |
| **NET CASH FLOW** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** | **$532.52** |

*EXHIBIT B*
*To Confirmation Order*

| Pro Rata Distribution | | | | | | |
|---|---|---|---|---|---|---|
| Creditor | Address | Account # | Amount of Claim | Pro Rata Share | Total Distribution From Class 7 | Monthly Distribution From Class 7 |
| JPMorgan Chase Bank | PO Box 15368, Wilmington, DE 19850 | 9242 | $39,207.91 | 4.89% | $935.88 | $26.00 |
| JPMorgan Chase Bank | PO Box 15368, Wilmington, DE 19850 | 8083 | $10,928.43 | 1.36% | $260.86 | $7.25 |
| Interstate Billing Service, Inc. | PO Box 2250, Decatur, AL 35609 | 6146 | $640.09 | 0.08% | $15.28 | $0.42 |
| Bluevine Inc. | PO Box 93024, Las Vegas, NV 89193 | 5228 | $67,383.18 | 8.40% | $1,608.41 | $44.68 |
| Internal Revenue Service | 400 W Bay Street, M/S 5730 | | $3,924.00 | 0.49% | $93.66 | $2.60 |
| ARi Legacy Sleepers | PO Box 246, Shipshewana, IN 46565 | N/A | $1,600.00 | 0.20% | $38.19 | $1.06 |
| Blue Beacon International Inc | PO Box 856, Salina, KS 67402 | 5468 | $1,052.37 | 0.13% | $25.12 | $0.70 |
| Capital One Spark Business Vista | PO Box 60519, City of Industry, CA 91716 | 5443 | $11,662.83 | 1.45% | $278.39 | $7.73 |
| Chase Ink Business Preferred Visa | PO Box 1423, Charlotte, NC 28201 | 9242 | $39,207.91 | 4.89% | $935.88 | $26.00 |
| Chase Ink Business Premier Visa | PO Box 1423, Charlotte, NC 28201 | 5808 | $10,928.43 | 1.36% | $260.86 | $7.25 |
| Daryl & Kathy Hooper | 11766 CR 252, McAlpin, FL 32062 | N/A | $58,034.56 | 7% | $1,385.26 | $38.48 |
| FleetOne Holding LLC | PO Box 630038, Cincinnati, OH 45263 | 4717 | $2,455.97 | 0% | $58.62 | $1.63 |
| Fleetpride | PO Box 281811, Atlanta, GA 30384 | 7849 | $798.60 | 0% | $19.06 | $0.53 |
| Funding Circle | PO Box 206536, Dallas, TX 75320 | N/A | $61,594.65 | 8% | $1,470.24 | $40.84 |
| BMO Harris Bank N.A. | PO Box 71951 Chicago, IL 60694 | | $196,041.44 | 24% | $4,679.43 | $129.98 |
| Wells Fargo Equipment Finance, Inc. | PO Box 858178 Minneapolis, MN 55485 | 9000 | $37,916.75 | 5% | $905.06 | $25.14 |
| U.S. Small Business Admin | Denver Finance Center 721 19th St. Denver, CO 80202 | | $240,983.34 | 30% | $5,752.17 | $159.78 |
| ITC Acceptance | 9704 E. 30th Street Indianapolis, IN 46229 | | $18,000.00 | 2% | $429.65 | $11.93 |
| | | | | | | |
| Total | | | $802,360.46 | 100.00% | $19,152.00 | $532.00 |